**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN** (SBN: 277557)
  mtrauben@singhtraubenlaw.com
**JUSTIN R. TRAUBEN** (SBN: 278705)
  jtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

*Attorneys for Plaintiff*
VASTAGO PRODUCCIONES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASTAGO PRODUCCIONES, LLC, a Texas limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>TRAN THUY TRANG, an individual,<br><br>  Defendant. | Case No.: 2:26-cv-1203<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C §§ 501)** |

Plaintiff, Vastago Producciones, LLC ("**Vastago**" or "**Plaintiff**"), by and through its undersigned counsel, hereby files its Complaint against Defendant Tran Thuy Trang ("**Defendant**") and, in support thereof, states as follows:

## NATURE OF ACTION

1. Through this Complaint, Plaintiff seeks to recover from Defendant damages, injunctive relief, and other remedies provided for by law, for copyright infringement arising under 17 U.S.C.A. §§ 101, *et seq* (referred to herein as the "Copyright Act") arising from Defendant's acts of copyright infringement of Plaintiff's original copyrighted musical composition and sound recording entitled "Supe Que Me Amabas" (the "**Work**").

## THE PARTIES

2. Plaintiff Vastago is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Maricopa County, Arizona.

3. Upon information and belief, Defendant Tran Thuy Trang is an individual residing in Hanoi, Vietnam, at Lô Số 8, TT01, Khu đô thị Tây Nam Linh Đàm, Hoang Liet, Hanoi 100000, Vietnam.

4. Upon information and belief, Defendant does business as "Alabanzas De Adoracion" on YouTube, operating the channel at https://www.youtube.com/channel/UCa2z2X2g-91gIGu-Se_eOnw.

## JURISDICTION AND VENUE

5. This is a civil action against Defendant for its acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338 in that the controversy arises under the Copyright Act (17 U.S.C. 101 *et seq*.), which is within the exclusive jurisdiction of federal courts.

6. Pursuant to 17 U.S.C. § 512(g)(3)(D), Defendant expressly consented to the jurisdiction of U.S. federal courts by submitting counter-notifications in response to Plaintiff's DMCA takedown notices sent to YouTube. In these counter-notifications, Defendant stated under penalty of perjury that she had a good faith belief the material was

removed due to mistake or misidentification, and consented "to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant." As Defendant is located outside the United States, this consent extends to districts where YouTube (Google LLC) may be found, including this District, where YouTube operates and is accessible, causing injury to Plaintiff. Defendant's counter-notifications falsely claimed ownership or rights to the Work, including assertions of purchasing rights and producing new versions, which Plaintiff disputes as baseless

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §1400(a) in that the claim arises in this Judicial District, the Defendant transacts business in this Judicial District by distributing infringing content accessible to users in this District via YouTube, and the injury suffered by Plaintiff took place in this Judicial District. Furthermore, Defendant's consent to jurisdiction via the DMCA counter-notifications supports venue here, as the infringement involves content hosted on a U.S.-based platform.

## FACTUAL BACKGROUND

8. Vastago has been in business for over twenty years, producing and licensing high-quality music recordings and compositions. It owns a library of musical works, including the Work, which is widely recognized in the music industry. The Work is a musical composition and sound recording authored by Jesus Adrian Romero as a work-for-hire or by assignment, performed by Marcela Gándara, and first published in 2006. In order to protect its investment and valuable intellectual property, Vastago owns registered copyrights in the Work (Registration Nos. PA 1-746-752 and SR 887-569).

9. Vastago licenses its musical works, including the Work, to a variety of licensees for uses such as streaming, downloads, performances, and synchronization in videos. Vastago's revenue comes from artists, labels, streaming platforms, and other entities that seek authorized use of its copyrighted materials.

10. Upon information and belief, Defendant operates a YouTube channel under the name "Alabanzas De Adoracion," which uploads and distributes videos featuring music to attract viewers and generate ad revenue or other benefits.

11. Vastago offers various licenses for the authorized use of its musical works, including the Work, for specific purposes such as limited synchronization in user-generated content.

12. The scope of Vastago's licenses for the Work is limited to authorized uses and expires upon the termination of the licensed activity.

13. Vastago never directly licensed the Work to Defendant for any use.

14. That did not stop Defendant from independently using the Work in videos uploaded to the YouTube channel "Alabanzas De Adoracion," without any license or authorization.

15. To date, Vastago has discovered no less than three videos on Defendant's YouTube channel that incorporate the Work without authorization:

    a. <u>Video 1</u>: Title "MÚSICA CRISTIANA QUE REFRESCAN EL CORAZON Y EL ALMA - ALABANZA Y ADORACIÓN QUE RENUEVAN TU FUERZA," available at https://www.youtube.com/watch?v=mfz6ehjmz5c, using the Work from 0:00:00 to 0:04:43.

    b. <u>Video 2</u>: Title "PODEROSAS CANCIONES CRISTIANAS PARA LIBERAR TU MENTE Y EL CORAZÓN 🎧 SUPE QUE ME AMABAS 🎧 Himnos," available at https://www.youtube.com/watch?v=dBqNbA4H7Tg, using the Work from 0:00:00 to 0:04:43.

    c. <u>Video 3</u>: Title "MUSICA CRISTIANA QUE REFRESCAN EL CORAZON Y EL ALMA - ALABANZA Y ADORACIÓN DE LA MAÑANA PARA," available at https://www.youtube.com/watch?v=wIVSpNS6t6k, using the Work from 0:00:00 to 0:04:43.

16. Upon discovering the infringement, Plaintiff issued DMCA takedown notices to YouTube (owned by Google LLC) on or about January 23, 2026, requesting removal

of the infringing videos. YouTube confirmed receipt and removed the videos.

17.     In response, Defendant submitted counter-notifications to YouTube on or about January 26, 2026, falsely claiming rights to the Work, including assertions that she had purchased authorship rights, produced new 100% versions, and that the removal was due to mistake or misidentification. These counter-notifications included Defendant's consent to U.S. federal court jurisdiction as required by 17 U.S.C. § 512(g)(3)(D). YouTube notified Plaintiff of the counter-notifications and the 10-business-day window to initiate legal action.

18.     Vastago's investigation is ongoing and discovery has not yet been taken. It is possible the infringement reaches even beyond these three videos; this number simply reflects what Vastago was able to uncover to date.

19.     Defendant used the Work in these videos to attract viewers, generate ad revenue, and promote the channel for Defendant's direct benefit.

20.     The copyrighted material unlawfully used in the videos was, on information and belief, a copy and/or unauthorized derivative of the Work. This Work is Vastago's intellectual property.

21.     On information and belief, Defendant's infringing use of the Work was intended to increase viewership and engagement on the YouTube channel, including by optimizing for search algorithms and attracting users searching for music content, including specifically in the United States.

22.     Defendant engaged in unauthorized and infringing use of the Work to promote the channel and attract viewers for Defendant's direct benefit.

23.     All conditions precedent to the bringing of this action have occurred, been waived or performed.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C §§ 501, *et seq*.)

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff has satisfied the federal statutory requirements to maintain suit for copyright infringement under 17 U.S.C. § 411(a).

26. Plaintiff has paid the requisite fees and deposited a copy of the Work with the Copyright Office in proper form.

27. Plaintiff obtained Certificates of Registration for the Work, including Registration No. PA 1-746-752 (for the musical composition and lyrics) and Registration No. SR 887-569 (for the sound recording).

28. Plaintiff is and has always been the sole and exclusive owner of the Work and the corresponding copyright registrations.

29. As the lawful owner of the copyrights in the Work, Plaintiff is entitled to, inter alia, the exclusive rights to do and to authorize the reproduction of the copyrighted works and the distribution of copies of the copyrighted works to the public by sale or other transfer of ownership. 17 U.S.C. § 106.

30. Defendant has infringed Plaintiff's copyrights in the Work by copying, publishing, modifying and distributing infringing materials in the United States, including in connection with Defendant's videos on YouTube and promotion of the channel generally.

31. Plaintiff never granted Defendant a license to reproduce, distribute, publicly perform, or synchronize the Work in videos for Defendant's benefit.

32. Plaintiff did not authorize Defendant to copy, display, host, distribute or transmit the Work in videos to attract viewers for Defendant's direct benefit.

33. Defendant has infringed Vastago's copyrights in the Work through the copying, public display, distribution or transmission of the Work in at least three videos.

34. Upon information and belief, Defendant has profited from its unauthorized reproduction, distribution, and exploitation of the Work.

35. As a result of its infringing conduct, Defendant is liable to Plaintiff for copyright infringement and Plaintiff is entitled to recover damages, which include Plaintiff's actual damages and any and all profits Defendant has garnered as a result of its

infringing conduct. 17 U.S.C. § 504.

36. As a result of the acts of Defendant alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

37. By reasons of the foregoing acts of copyright infringement, Plaintiff has sustained substantial damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Vastago Producciones, LLC respectfully requests that this Court enter judgment in its favor and as against Defendant Tran Thuy Trang as follows:

1. For actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b) and 17 U.S.C. § 1203(c)(2) or awarding statutory damages in an amount to be fixed by the Court under 17 U.S.C. §504;

2. For costs and interest pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(4);

3. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. §§ 505; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: February 5, 2026

Respectfully submitted,

**SINGH, SINGH & TRAUBEN, LLP**
**JUSTIN R. TRAUBEN**

By: _____
      Justin R. Trauben

*Attorneys for Plaintiff*
VASTAGO PRODUCCIONES, LLC